PER CURIAM

TEXTO COMPLETO DE LA RESOLUCION
El Tribunal de Primera Instancia, Sala Superior de Aibonito (Hon. Aurelio Gracia Morales, J.), denegó de plano una moción de supresión de evidencia por incumplimiento del trámite provisto en la Regla 234 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R.234, y lo resuelto en Pueblo v. Maldonado Rivera,_D.P.R._(1994), 94 J.T.S. 39 (resolviendo que una moción de supresión de evidencia que deje de exponer los hechos precisos o las razones específicas que sostengan la misma debe ser rechazada de plano). Inconforme, el acusado acude ante nos pero no discute porqué no es de aplicación a su caso la ley y la jurisprudencia al respecto. Examinada la petición de certiorari y su *971 apéndice estamos de acuerdo con que el tribunal recurrido actuó correctamente y que su decisión debe ser sostenida.
Surge de la petición ante nos, que el recurrente presentó una primera moción de supresión de evidencia fundada en el primer inciso de la Regla 234, i.e., que la propiedad fue ilegalmente ocupada sin orden de allanamiento o registro. Apéndice de la petición, a la pág. 7. La misma fue rechazada de plano porque no exponía los hechos específicos que la sustentaran. Id., a la pág. 10. En su resolución, el tribunal advertía que la moción solamente exponía "conclusiones de la defensa sobre los hechos, pero éstos no se exponen". Id. De esta resolución no se recurrió. El acusado más bien acató este dictamen pues presentó entonces una segunda moción de supresión de evidencia tratando de curar el defecto señalado por el tribunal a quo. Apéndice de la petición, a la pág. 7.
No obstante, en esta segunda moción, el recurrente meramente alegó que la incautación de la evidencia (sin describir la evidencia a la que se refiere la moción) había sido efectuada sin orden judicial y que este tipo de actuación se presume ilegal e irrazonable. Lo único que añadió como intento de aseverar hechos relacionados con la intervención policíaca en cuestión, aparece a las páginas 2 y 3 de la moción. En ésta alega que "fija confidencia" —sin hacer referencia alguna a la confidencia a la que se refería— "fue recibida por el agente Héctor López supuestamente en Comerlo y no existe constancia de la misma" ... y "fsji no existe constancia escrita de los pormenores de la querella que, supuestamente, conduce al arresto del imputado, esto 'aporta más a la no confiabilidad de dicha confidencia y de las verdaderas razones para la intervención". Apéndice de la petición, a las págs. 3 y 4. El resto de la moción sólo contiene argumentaciones de derecho sin referencia alguna que permitan conocer los hechos y circunstancias que rodearon la incautación de la evidencia desconocida. Ante esta segunda moción el tribunal a quo emitió la resolución objeto de este recurso mediante la cual reiteró el fundamento de incumplimiento con la Regla 234.
Esta Regla 234 regula en su párrafo final el contenido formal de. la moción y establece al respecto lo siguiente:
"En la moción de supresión de evidencia se deberán exponer los hechos precisos o las razones específicas que sostengan el fundamento o fundamentos en que se basa la misma. El tribunal oirá prueba sobre cualquier cuestión de hecho necesaria para la resolución de la solicitud. De declararse con lugar la moción, la propiedad será devuelta, si no hubiere fundamento legal que lo impidiere, y no será admisible en evidencia en ningún juicio o vista. La moción se notificará al fiscal y se presentará cinco (5) días antes del juicio a menos que se demostrare la existencia de justa causa para no haberla presentado dentro de dicho término o que al acusado no le constaren los fundamentos para la supresión, o que la ilegalidad de la obtención de la evidencia surgiere de la prueba del fiscal." (énfasis suplido.)
La exigencia estatutaria de que toda moción de supresión de evidencia debe contener una exposición de los hechos o las circunstancias específicas que sostengan el fundamento o fundamentos en que se basa la misma, fue adoptada por enmienda a la Regla 234 en virtud de la Ley Número 65 de 5 de julio de 1988. En Maldonado Rivera el Tribunal Supremo resolvió que a partir de esta enmienda de 1986, la moción de supresión de evidencia que no contenga una relación de hechos que exponga la forma en que los agentes del gobierno se incautaron de la pmeba en cuestión, debe ser rechazada de plano. El Tribunal sostuvo que "ya no basta con que el promovente de la moción de supresión escuetamente alegue uno de los fundamentos que se enumeran en la referida Regla 234 de Procedimiento Criminal; ahora la citada Regla 234 exige que se expongan "...los hechos precisos o las razones específicas que sostengan el fundamento o fundamentos en que se basa la... moción de supresión presentada". 94 J.T.S. 39, a la pág. 11715 (énfasis en el original).
Más aún, en dicho caso el Tribunal Supremo acogió favorablemente la tesis del Procurador General a los efectos de que "el promovente de la [moción] debe demostrar que existe una controversia sustancial de hecho que haga necesaria la celebración de una vista evidenciaría" y que, "en ausencia de esa demostración por parte de la defensa, el tribunal deberá poder resolver la moción de supresión a base de los escritos presentados por las partes: esto es sin la celebración de una vista evidenciaría." Esto fue justamente lo que hizo el tribunal recurrido en el caso de autos.
*972 En éste, el acusado alegó escuetamente que "[l]a intervención, arresto, ocupación, y/o incautación fue una sin orden judicial". Apéndice de la petición, a la pág. 2. La posterior referencia a una "confidencia... recibida por el'agenté Héctor López supuestamente en Cómerío" de la cual "no existe constancia", se hace en un vacio de' circunstancias fácticas . Es- decir, ¿cuándo, cómo y dónde ocurrieron los hechos de este caso? ¿Qué relación tiene el acusado con los hechos del caso? ¿Quién es el agente Héctor López, en qué unidad trabaja y qué relación tiene con los hechos de este caso, con la intervención policíaca, si la hubo, o con el distrito policial de Comerlo? ¿Qué versión de los hechos brindó la policía en la vista preliminar? ¿Cuál es la contención del acusado en cuanto a lo que son, según alega, los hechos verdaderos de este caso?
Debemos admitir que, ante nosotros, el acusado-recurrente ha esbozado los hechos y circunstancias que permiten dar contestación a las anteriores interrogantes, en particular, en la exposición bajo el título de "Breve relación de los hechos..." que hace a la pág. 2 y primera oración de la pág. 3 de su escrito de petición de certiorari. Una relación de hechos como ésa es todo lo que requiere el párrafo final de la Regla 234. Nótese que es un requisito sencillo de cumplir. Realmente nos resulta difícil comprender la falta de cumplimiento con la Regla 234, máxime cuando el propio tribunal recurrido le había señalado específicamente al recurrente el motivo de la denegación sumaria de la primera moción. Es evidente que cuando se presentó la moción, ya se había celebrado la vista preliminar y al acusado debió constarle la versión policíaca sobre los hechos del caso. No es ante nosotros, a posteriori, que un acusado está obligado a cumplir con los requisitos de la Regla 234. La obligación de hacer un recuento de los hechos y circunstancias que fundamentan el pedido de supresión debe descargarse ante el Tribunal de Primera Instancia.
Finalmente, y más importante aún, es que el recurrente no ha intentado siquiera explicar ante nosotros su negativa a cumplir un requisito tan sencillo ni ha tratado de persuadirnos de la razón por la cual no es de aplicación a su caso este requisito estatutario y jurisprudencial.
Con estos antecedentes, se deniega la expedición del auto solicitado.
Notifíquese por facsímil y por la vía ordinaria.
Lo acordó el Tribunal y lo certifica la señora Secretaria General.
María de la C. González Cruz
Secretaria General
ESCOLIOS 95 DTA 248
1. La primera parte del texto de la Regla 234 es el siguiente:

"La persona agraviada por un allanamiento o registro ilegal podrá solicitar del tribunal al cual se refiere la Regla 233 la supresión de cualquier evidencia obtenida en virtud de tal allanamiento o registro, o la devolución ¡ de la propiedad, por cualquiera de los siguientes fundamentos:

(a) Que la propiedad fue ilegalmente ocupada sin orden de allanamiento o registro.

(b) Que la orden de allanamiento o registro es insuficiente de su propia faz.

(c) Que la propiedad ocupada o la persona o sitio registrado no corresponde a la descripción Jiecha en la orden de allanamiento o registro.

(d) Que no había causa probable para creer en la existencia de los fundamentos en que se basó la orden de allanamiento o registro.

(e) Que la orden de allanamiento fue librada o cumplimentada ilegalmente.

(f)Que es insuficiente cualquier declaración jurada que sirvió de base a la expedición de la orden de allanamiento porque lo afirmado bajo juramento en la declaración es falso, total o parcialmente." »